UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
(NORTHERN DIVISION)

2007 FEB 14  P 3: 17

| | | |
|---|---|---|
| CONNIE ARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:07-CV- 137-MEF |
| | ) | [Case No. CV-07-88 in the Circuit |
| v. | ) | Court of Montgomery County, Alabama |
| | ) | |
| ENTEC STATIONS, INC., | ) | NOTICE OF REMOVAL OF CIVIL |
| Fictitious Parties "A", "B", "C", "D", | ) | ACTION UNDER 28 U.S.C. §§ 1441 & |
| "E", "F", "G" and "H" whose names are | ) | 1446 (Federal Question Jurisdiction) |
| unknown to Plaintiff at this time, but will | ) | |
| be added by Amendment when | ) | |
| ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Entec Stations, Inc. ("Entec") submits this Notice of Removal of this action to

the United States District Court for the Middle District of Alabama, Northern Division, pursuant

to 28 U.S.C. § 1441, *et seq.*, 28 U.S.C. § 1446, *et seq.*, 28 U.S.C. §§ 1331 and 1367(a) and 29

U.S.C. § 2601, *et seq.*

In support of this removal, Entec states the following:

I.    **THIS COURT HAS ORIGINAL JURISDICTION OF THIS ACTION PURSUANT
      TO 29 U.S.C. § 2601 AND 28 U.S.C. § 1331.**

1.    On January 16, 2007, Plaintiff Connie Ard commenced this action in the Circuit

Court of Montgomery County, Alabama, entitled *Connie Ard v. Entec Stations, Inc,* Civil Action

No. CV-07-88.

2.    On January 22, 2007, Plaintiff served a copy of the Summons and Verified

Complaint on Defendant Entec *via* certified mail.  Any claims in this action over which the Court

1

does not have original jurisdiction pursuant to 29 U.S.C. § 2601 and 28 U.S.C. § 1331 are within the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, a true and correct copy of the Summons and Verified Complaint served upon Entec are attached hereto as Exhibit A. Aside from the material in Exhibit A, Entec is not aware of any other process, pleadings or orders served upon Entec in this action.

## II.    THE NOTICE OF REMOVAL IS TIMELY.

4.    Entec files this Notice of Removal within one year of the date the action was originally filed and within thirty (30) days of receipt of the Complaint by Entec. Removal, therefore, is timely.

5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (federal question) in that Plaintiff asserts a cause of action under federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

6.    Plaintiff's right to choose a forum has no bearing on Entec's statutory right to remove this action to federal court. 28 U.S.C. § 1441(a) authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Because original jurisdiction does not mean exclusive jurisdiction, the existence of concurrent state and federal jurisdiction does not operate to defeat Entec's right of removal to federal court.

7.    Plaintiff's principal claim for relief concerns her allegations in paragraphs 17 through 25 of her Complaint that Entec terminated her employment because of her medical condition and that Entec's proffered reasons for her termination were purely pretextual. Plaintiff

asserts the right to recover for this claim on the basis of the federal Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

8.      Plaintiff also asserts the tort of outrage (Count II) pursuant to Alabama law. *See* Plaintiff's Verified Complaint, Ex. A at ¶¶ 24-27. This Court, however, has supplemental subject matter jurisdiction over Plaintiff's outrage claims pursuant to 28 U.S.C. § 1367 because it is transactionally related to her FMLA claim and arises out of the same series of events, *i.e.,* Entec's termination of Plaintiff's employment.

9.      The statutory provision addressing supplemental jurisdiction provides that

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Thus, § 1367(a) provides a basis for this Court to exercise jurisdiction over Plaintiff's State claim because it has original jurisdiction over her FMLA claim pursuant to 29 U.S.C. § 2601.

10.      In the instant case, Plaintiff's FMLA and outrage claims arise out of the same series of events in that both claims concern the underlying basis of Entec's decision to terminate Plaintiff's employment. In other words, the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution. Furthermore, the State claim does not present a novel or complex issue of State law; it does not predominate over the FMLA claim over which this Court has original jurisdiction; and there are no exceptional circumstances that would compel the Court to decline jurisdiction over the claims. In fact, on the face of her Complaint, Plaintiff's federal FMLA claim is the real body of her case to which her

3

outrage claim is only an appendage.  As such, the Court has supplemental jurisdiction over

Plaintiff's State outrage claim within the meaning of 28 U.S.C. § 1367(a).

        11.     Accordingly, removal of this action from the Circuit Court of Montgomery

County, Alabama to this Court is proper under 28 U.S.C. § 1441(a) because this Court would

have had original jurisdiction of the action under 28 U.S.C. § 1331 had the action been initially

filed in this Court.  *See Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998)

(stating that supplemental jurisdiction allows a federal court to hear and decide state law claims

along with federal law claims when they are so related to claims in action within the original

jurisdiction of the Court that form part of the same cause or controversy).

## III.    ALL DEFENDANTS CONSENT TO REMOVAL

        12.     Although Plaintiff alleges in her Complaint claims against fictitious Defendants A

through G, Entec is the only named Defendant who has been served in this action and seeks

removal of this action to this Court.

## IV.    COMPLIANCE WITH 28 U.S.C. § 1446 (d)

        13.     Pursuant to 28 U.S.C. § 1446(d), Entec shall file a copy of this Notice of Removal

with the Clerk of the Court of the Circuit Court of Montgomery County, Alabama and will serve

all counsel of record in this action with this Notice of Removal promptly after its filing.

        **WHEREFORE**, Defendant Entec Stations, Inc. notices the removal of this case to the

United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441 and

29 U.S.C. § 2601.

Dated this 14th day of February, 2007.

Respectfully submitted,

CHRISTOPHER W. WELLER (WEL020)
BRUCE J. DOWNEY III (DOW006)
Attorneys for Defendant

OF COUNSEL:

Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama  36102-2069
Telephone:  (334) 241-8066
Facsimile:  (334) 323-8888

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February, 2007, I caused the be mailed a true and correct copy of the foregoing NOTICE OF REMOVAL, *via* first class mail, postage prepaid, to the following:

Michael Guy Holton, Esq.
Jennifer M. Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117

Of Counsel

# EXHIBIT
# A

# IN THE CIRCUIT COURT
## OF MONTGOMERY COUNTY

|                          |   |
|--------------------------|---|
| **CONNIE ARD**           | ) |
| **Plaintiff,**           | ) |
|                          | ) |
| v.                       | ) |
|                          | ) |
| **ENTEC STATIONS, INC.,**| ) |
| **Fictitious Parties "A", "B", "C",** | ) |
| **"D", "E", "F", "G", and "H"** | ) |
| **whose names are unknown to** | ) |
| **Plaintiff at this time, but will be** | ) |
| **added by Amendment when** | ) |
| **ascertained,**         | ) |
| **Defendants.**          | ) |

**Civil Action No.**_____

*CN-07-88*
**JURY DEMAND**

## SUMMONS

To any sheriff or any person authorized by either Rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon *defendant. ENTEC STATIONS, INC. Raymond Demere 2951 Zelda Road, Montgomery, Alabama 36106.*

## NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint to Michael Guy Holton and/or Jennifer M. Holton, Attorneys for Plaintiff, 5748 Carmichael Parkway, Suite D, Montgomery, AL 36117.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_____
Clerk of Court
Dated: __01/22/07__

\* \* \*

## RETURN ON SERVICE

**EXHIBIT**

**A**

Received    this    summons    at    _____on
_____    and    on_____    at
_____    I    served    it    on    the    within    named
_____by delivering a copy of the process and accompanying
documents to him.

Dated:_____

_____
Process Server Signature
Type of Process Server_____

Address:_____

_____
Telephone No.:_____

# IN THE CIRCUIT COURT
## OF MONTGOMERY COUNTY

CONNIE ARD )
    Plaintiff, )
           )
       v. )           Civil Action No._____
           )
ENTEC STATIONS, INC., )        JURY DEMAND
Fictitious Parties "A", "B", "C", )
"D", "E", "F", "G", and "H" )         CU-07-88
whose names are unknown to )
Plaintiff at this time, but will be )
added by Amendment when )
ascertained, )
    Defendants. )

## VERIFIED COMPLAINT

**COMES NOW** Plaintiff, Connie Ard, by and through the undersigned counsel and makes this her VERIFIED COMPLAINT and states as follows;

## STATEMENT OF THE PARTIES

1.    Plaintiff is over the age of nineteen (19) years, a resident of Alabama, and that the facts and circumstances made the basis of this Complaint occurred in Montgomery County, Alabama.

2.    Defendant, Entec, Inc. is a domestic corporation conducting business in Montgomery County, Alabama and whose Registered Agent is located in Montgomery County, Alabama.

3.    Fictitious Parties "A," "B," "C," "D", "E", "F", "G", and "H" are those persons or entities wholly or partly responsible for Plaintiff's injuries, whose identities are unknown at this time will be substituted by amendment when ascertained.

## STATEMENT OF JURISDICTION

4.    This Honorable Court has jurisdiction of this matter as the acts, omissions, and or

occurrences made the basis of this civil action occurred in Montgomery County,

Alabama.

5.    This Verified Complaint and the claims herein are brought pursuant to Code of

Alabama, 1975 and 29 USC § 2601 et. seq., and otherwise known as the Family

& Medical Leave Act.

## STATEMENT OF FACTS

6.    On of about August 31, 2005 Plaintiff began employment with Defendant Entec,

Inc. located on Wetumpka Highway, Montgomery County, Montgomery,

Alabama.

7.    Plaintiff, at the time of her termination,  was a manager for Defendant Entec.

8.    Plaintiff was diagnosed with cancer on or about June, 2006.

9.    Plaintiff informed the store manager of her condition, and the store manager at all

times material hereto was aware that Plaintiff had cancer and that Plaintiff would

be requiring medical treatments which would require her to be absent from work

periodically.

10.    Plaintiff's cancerous condition made it medically necessary to have chemotherapy

treatments.

11.    Plaintiff notified Defendant Entec that it was medically necessary to receive the

chemotherapy treatments.

12.    Plaintiff continued to work for Defendant Entec, but requested specific days off to

receive the chemotherapy treatments.

13.    Plaintiff's chemotherapy treatments periodically required Plaintiff to take the following day off due to the volatile affect of the chemotherapy on Plaintiff's body.

14.    Plaintiff, at times, continued to work even more than forty (40) hours per week even while being administered the chemotherapy treatments.

15.    On or about August, 2006 Plaintiff began giving Defendant Entec's store manager a list of times for which the chemotherapy treatments were to be administered.

16.    On or about September 27, 2006 Plaintiff was terminated from her employment with Defendant Entec for purely pre textual reasons.

## COUNT I

## <u>VIOLATION OF FAMILY MEDICAL LEAVE ACT</u>

17.    Plaintiff re-iterates all preceding paragraphs as if fully set out herein.

18.    Plaintiff had been employed by Defendant Entec for at least twelve (12) months, and in excess of 1250 hours, at the time of the incident, acts, and or omissions which are made the basis of this Complaint.

19.    Defendant Entec had knowledge and notice of Plaintiff's qualifying medical condition.

20.    Plaintiff requested leave from work to receive medical treatment. Plaintiff was terminated from her employment with Defendant Entec  for purely pre textual reasons such as poor work performance, store sales were down, lack of leadership as a manager, and "your attitude about closing the harvest market early". (Please see Plaintiff's Exhibit "A", attached hereto.)

21.     Plaintiff did not exceed the number of weeks from her employment with Defendant Entec as enumerated and allowed pursuant to the Family Medical Leave Acts, 29 USC § 2601 et.seq., required leave for her cancerous condition.

22.     Plaintiff was terminated from her employment with Defendant Entec for purely pre textual reasons after having Defendant was on notice of Plaintiff's medical condition.

23.     Plaintiff continues to be without medical insurance that was made available by and through Defendant Entec.

**Wherefore,** Plaintiff demands of Defendants compensatory, actual, and punitive damages in an amount which exceeds the minimum jurisdiction limits of this honorable Court and to be determined by a jury, plus costs and reasonable attorneys' fees.

## COUNT II

## TORT OF OUTRAGE

24.     Plaintiff incorporates all previous paragraphs as fully set out herein.

25.     Plaintiff was terminated from her employment with Defendant Entec for purely pre textual reasons of which plaintiff was unaware until her termination and, further, to which Plaintiff had been given contradicting employment reviews and evaluations.

26.     Plaintiff has suffered loss of employment, loss of wages, loss of insurance, compensatory, actual, punitive damages and mental anguish as a direct and proximate result of the intentional, malicious, willful, wanton and or oppressive acts and or omissions of Defendant Entec.

27.    The termination by Defendant Entec was accomplished on or about September 27, 2006 only a few days after Plaintiff requested periodic leave from work to seek treatment and healthcare for her cancerous condition.

**Wherefore,** Plaintiff demands of Defendants compensatory, actual, and punitive damages in an amount which exceeds the minimum jurisdictional limits of this Honorable Court and to be determined by a jury, plus costs and reasonable attorney's fees.

**RESPECTFULLY SUBMITTED** this the 10th day of January, 2007.

**CONNIE ARD , Plaintiff**

**STATE OF ALABAMA**                )
                                    )ss
**COUNTY OF MONTGOMERY**    )

Before me, _____, a Notary Public for the State at Large, personally appeared **CONNIE ARD,** who is known to me and who being first duly sworn doth depose and saith that he has read the foregoing **VERIFIED COMPLAINT** and that the facts therein are true and correct.

**SWORN** to and **SUBSCRIBED** before me on this the _____ day of _____, 2007.

NOTARY PUBLIC
State at Large
My Commission Expires:_____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: June 3, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Michael Guy Holton (HOL106)
Co- Counsel for Petitioner
Fuller, Taylor & Holton, PC
5748 Carmichael Parkway, Ste.D
Montgomery, Alabama 36117
(334) 244-0447

Jennifer M. Holton (DAV 167)
Co-Counsel for Petitioner
Fuller, Taylor& Holton, PC
5748 Carmichael Parkway, Ste. D
Montgomery, Alabama 36117
(334) 244-0447