UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | |
|---|---|
| CONNIE ARD, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:07-cv-137-MEF |
| | ) |
| v. | ) |
| | ) |
| ENTEC STATIONS, INC. | ) |
| | ) |
| Defendant. | ) |

## MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION

**COMES NOW** Defendant Entec Stations, Inc. ("Entec") and, pursuant to §§ 3 and 4 of the Federal Arbitration Act, moves for an order compelling arbitration of all claims asserted in this action and staying this action.

As grounds for this motion, Entec states as follows:

1. This action arises out of the termination of former Entec employee Connie Ard. At the time of her termination, Ard was employed as the manager of the Harvest Market Restaurant operating inside the Entec service station located at 3620 Wetumpka Hwy, Montgomery, Alabama.

2. As a result of her termination, Plaintiff Ard sued Entec in the Circuit Court of Montgomery County, Alabama, alleging a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, as well as a claim under state law for the tort of outrage.

3. On February 14, 2007, Entec filed a Notice of Removal based on federal subject matter jurisdiction. (Doc. no. 1).

4. On March 18, 2007, Plaintiff Ard stipulated to the removal and moved to dismiss the fictitious Defendants named in her complaint.

5. As established by the Affidavit of Timothy Herndon, Vice-President and Chief Financial Officer of Entec Stations, Inc., Entec is an Alabama corporation with its principal place of business in Montgomery, Alabama. *See* T. Herndon Aff., Ex. A at ¶ 2. Entec has been operating in Alabama since 1991 and currently owns and operates six (6) gasoline service stations and convenience stores in the greater Montgomery area. *Id*

6. Among other things, Entec engages in the retail sale of gasoline, food, and everyday convenience items on a daily basis to thousands of interstate and intrastate customers. *Id.* at ¶3. In addition to gasoline, many of the goods and convenience items sold by Entec are purchased from companies located in other states and countries and which are transported and delivered through interstate commerce to Entec for resale in Alabama. *Id.*

7. In addition to its service stations and convenience stores, Entec owns and operates the Harvest Market Restaurant. *Id.* at ¶4. The Harvest Market Restaurant operates inside the Entec station located at 3620 Wetumpka Hwy, Montgomery, Alabama. *Id.* Thus, it is beyond dispute that Plaintiff was employed by a business that sold fuel, food, convenience items and retail services in the flow of interstate commerce.

8. Plaintiff Ard completed her initial employment application in late August 2005, and was officially hired by Entec to begin work at the Harvest Market Restaurant on August 30, 2005. As is Entec's policy, Ard voluntarily executed an Arbitration Agreement on her August 30, 2005 start date after she clocked in. A true and correct copy of the Arbitration Agreement is attached hereto as Exhibit "B"; *see also* T. Herndon Aff., Ex. A at ¶5. In other words, Ard was a paid Entec employee at the time she voluntarily completed her Arbitration Agreement. T. Herndon Aff., Ex. A at ¶5.

9. Ard worked at the Harvest Market Restaurant during the entire term of her employment and was the manger of the restaurant when Entec terminated her employment on September 27, 2006. *Id.* at ¶6.

10. The Federal Arbitration Act ("FAA") mandates arbitration whenever a contract provides for claims to be submitted to arbitration and evidences a transaction involving interstate commerce. 9 U.S.C. § 2. In *Allied-Bruce Terminix Companies v. Dobson,* 513 U.S. 265 (1995), the United States Supreme Court held that as long as the contract at issue touches upon interstate commerce in any sense or context, the FAA applies so as to preempt state law and displace it with the strong federal policy favoring enforcement of arbitration agreements.

11. The United States Supreme Court has recognized that the federal policy underlying the FAA requires courts to compel arbitration if any reasonable interpretation of the arbitration clause would cover the dispute(s) at issue. *Moses H. Cone Memorial Hosp. V. Mercury Construction Corp.,* 460 U.S. 1, 24-25 (1983). The Supreme Court has stated the rule as follows:

> An order to arbitrate . . . should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*United Steel Workers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83 (1960) (emphasis added). Furthermore, there is a rich history of resolving employment disputes through arbitration. Therefore, so long as the disputes at issue arguably or debatably are covered under the arbitration clause, the FAA requires that arbitration be compelled.

12. In the instant case, the Arbitration Agreement executed by Plaintiff broadly defines the scope of arbitrable disputes as including "any and all disputes with my employer." *See* Ex. B. All claims asserted by Ard against Entec in this lawsuit arise out of or are related to her

employment. Therefore, the broad language utilized in the Arbitration Agreement combined with the liberal federal policy favoring arbitration means that all claims raised in this suit are subject to arbitration.

**WHEREFORE, PREMISES CONSIDERED,** Entec moves this Court for an Order staying all proceedings in this Court and compelling arbitration in accordance with provisions of the Arbitration Agreement.

Respectfully submitted this 26th day of March, 2007.

s/Christopher W. Weller
BRUCE J. DOWNEY III (DOW006)
CHRISTOPHER W. WELLER (WEL020)

Attorneys for Defendant

OF COUNSEL:

Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8066
Facsimile: (334) 323-8888

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of March, 2007, I mailed a true and correct copy of the foregoing **MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION,** *via* first class mail, postage prepaid, to the following:

Michael Guy Holton, Esq.
Jennifer M. Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117

s/Christopher W. Weller
Of Counsel

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | |
|---|---|
| **CONNIE ARD,** | ) |
| **Plaintiff,** | ) Case No. 2:07-cv-137-MEF |
| v. | ) |
| **ENTEC STATIONS, INC.** | ) |
| **Defendant.** | ) |

## AFFIDAVIT OF TIMOTHY D. HERNDON

Timothy D. Herndon states the following:

1. My name is Timothy Herndon. I am the Vice-President and Chief Financial Officer of Entec Stations, Inc. ("Entec"). I am over 19 years of age and reside at 3116 Fitzgerald Circle, Montgomery, Alabama, 36106. I am fully competent to make this affidavit. I submit this affidavit in support of Entec's Motion to Compel Arbitration and to Stay Litigation. This affidavit is based on my personal knowledge, and all of the facts stated herein are true and correct.

2. Entec is an Alabama corporation with its principal place of business in Montgomery, Alabama. Entec has been operating in Alabama since 1991 and currently owns and operates six (6) gasoline service stations and convenience stores in the greater Montgomery area.

3. Among other things, Entec engages in the retail sale of gasoline, food, and everyday convenience items on a daily basis to thousands of interstate and intrastate customers. In addition to gasoline, many of the goods and convenience items sold by Entec are purchased from companies located in other states and countries and which are transported and delivered through interstate commerce to Entec for resale in Alabama.

1

4. In addition to its service stations and convenience stores, Entec owns and operates the Harvest Market Restaurant. The Harvest Market Restaurant operates inside the Entec service station located at 3620 Wetumpka Hwy, Montgomery, Alabama.

5. With respect to the employment of Connie Ard, she completed her initial employment application in late August 2005, and was hired by Entec to begin work at the Harvest Market Restaurant on August 30, 2005. As is Entec's policy, Ard voluntarily executed an Arbitration Agreement on her August 30, 2005 start date after she clocked in. In other words, Ard was a paid Entec employee at the time she voluntarily executed her Arbitration Agreement.

6. Ard worked at the Harvest Market Restaurant during the entire term of her employment and was the manger of the restaurant when Entec terminated her employment on September 27, 2006.

Dated this, the 26th day of March, 2007.

_____
TIMOTHY D. HERNDON
AFFIANT

Sworn to and subscribed before me on this the 26th day of March, 2007.

_____
NOTARY PUBLIC
My Commission Expires:

(SEAL)

JOAN P. BURDEN
Notary Public, AL State at Large
My Comm. Expires Feb. 1, 2008

2

# EXHIBIT B

# ARBITRATION AGREEMENT

**WARNING: AS A CONDITION OF EMPLOYMENT WITH THIS COMPANY, YOU ARE REQUIRED TO ENTER INTO THE FOLLOWING CONTRACTUAL AGREEMENT TO ARBITRATE <u>ANY</u> LEGAL DISPUTES WITH THE COMPANY. READ AND CONSIDER THIS CAREFULLY. YOU WILL BE GIVING UP YOUR RIGHT TO SUE THE COMPANY. DO NOT COMPLETE YOUR APPLICATION FOR EMPLOYMENT UNLESS YOU ARE FULLY SATISFIED WITH THIS CONDITION.**

I understand that, as a condition of my employment, I agree that I will arbitrate any and all disputes with my employer. I understand that this is a separate enforceable *contract of arbitration* and the facts that my employment is "at will" and that I have no *contract of employment* has no bearing on the enforceability of this separate contractual agreement. I understand that this includes any disputes relating to any claims of race, sex, age, religion, color, national origin or disability discrimination or harassment. I am not giving up my right to be free from such treatment, but I freely and willingly agree that the manner in which I will assert these rights is in arbitration rather than in lawsuits or charges. I understand that arbitration is a simpler, less formal system than litigation and uses different rules and procedures. I agree to file a written notice of intent to arbitrate (outlining in detail my claim and the relief I seek) with my employer within one hundred eighty (180) days of the occurrence of any matter I wish to pursue. If the company has any legal claim against me, it also agrees to arbitrate rather than to sue me because this is a mutual agreement to settle our legal controversies in this manner. I agree to arbitrate through the services of the American Arbitration Association in accordance with its rules. A copy of these rules is available for your review.

_8-30-05_
Date

_[signature]_
Applicant

_[signature]_
For Entec Stations, Inc.